IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEMUEL FRED HENTZ,

               Petitioner,          Civil No. 04-1253-AA

               v.               ORDER

STATE OF OREGON,

               Respondent.

AIKEN, District Judge.

    Petitioner, an inmate in the custody of the Oregon Department of Corrections filed a petition under 28 U.S.C § 2254 challenging his June 12, 1996 convictions for Unlawful Sexual Penetration in the First Degree (two counts) and Sexual Abuse in the First Degree (four counts).

    The record reflects that petitioner exhausted state remedies with respect to some of the claims he raises in this proceeding and procedurally defaulted other claims. However,

1 - ORDER

an exhaustion of remedies analysis is not necessary in this case because petitioner did not file his federal habeas petition within the time prescribed by 28 U.S.C. § 2244.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, amended 28 U.S.C. § 2244 to provide a limitations period for filing federal habeas corpus petitions. Under § 2244(d) as amended, a petitioner now has one year from the date a direct appeal is final to file a federal habeas corpus. The one year limitations period is tolled during the time a state collateral proceeding is pending. Time elapsed after the final judgment and before a collateral filing, and time after final collateral disposition and before federal filing counts against the year. Nino v. Galaza, 183 F.3d 1003, 1006-7 (9th Cir. 1999).

In this case, petitioner's direct appeal was final in the state appellate court on June 15, 1998. Respondent's Exhibit 104. However, following the Ninth Circuit's ruling in Bowen v. Roe, 188 F.3d 1157 (1999), the statute of limitations does not begin to run until petitioner's time to seek certiorari from the United States Supreme Court has expired. Therefore, in calculating the limitations period, it is appropriate to add an additional 90 to the date of the appellate judgment. Thus, the statute of limitations began to run on petitioner's

claim on September 14, 1998.

Petitioner had one year from September 14, 1998, excluding any time during which a state post-conviction case was pending, to file a federal habeas corpus petition.

Petitioner filed his petition for post-conviction relief (Exhibit 106) in Malheur County Circuit Court Case No. 990230298M on January 26, 1999. The court denied relief, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. The appellate judgment issued on March 5, 2002. (Exhibit 108).

On March 12, 2002, petitioner filed a second notice of appeal directly challenging his convictions, but the Oregon Court of Appeals dismissed it on petitioner's motion. (Exhibits 115 and 116). The appellate judgment issued on March 29, 2002.

On May 2, 2002, petitioner filed a third notice of appeal directly challenging his convictions, but the Oregon Court of Appeals dismissed the petition on its own motion on the ground that the issue raised therein was not appealable. (Exhibit 119 and 120). The appellate judgment issued on March 13, 2003. (Exhibit 120).

Under Pace v. DiGuglielmo, 125 S.Ct. 1807; 2005 U.S. LEXIS 3705 (April 27, 2005) the time spent on petitioner's third direct appeal should not be considered as tolled because

the issue raised therein was not appealable.

Between September 14, 1998, the latest date on which petitioner could have sought certiorari in the United States Supreme Court, and January 26, 1999, the date on which petitioner filed his petition for post-conviction relief, 134 days accrued. Between March 5, 2002, the date on which the appellate judgment issued on the post-conviction appeal , and March 12, 2002, the date on which petitioner filed a second notice of appeal directly challenging his convictions, seven days accrued. Between March 12, 2002, the date on which the appellate judgment issued in the second direct appeal, and August 27, 2004, the date on which petitioner signed the petition in the case before the court, 848 days accrued. In sum, petitioner waited 1223 days to file the instant petition, exceeding the 365 days available to him to seek federal habeas corpus relief.

The AEDPA's limitations period may be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). In order to establish entitlement to tolling of the § 2241(d)(1) limitations period, a petitioner must demonstrate that extraordinary circumstances beyond the prisoner's control made it impossible to file the petition on time. Allen v. Lewis, 255 F.3d 798, 799 (9th Cir.

2001); <u>see also</u>, <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir.

2000).  Petitioner in this case has not established either

circumstance.

Based on all of the foregoing, I find that petitioner's

claims are barred by the statute of limitations applicable to

petitions for federal habeas corpus relief under 28 U.S.C. §

2254.

Petitioner argues in his reply and motion for summary

judgment (#18) that the judge that sentenced him did not have

the authority to do so. Petitioner argues that because no

valid judgment exists, the federal habeas petition is not

untimely because the limitations period has never begun

running.  Petitioner's argument is not supported by the law or

the facts before the court.

The record reflects that Judge Charles Turner was the

judge pro tempore who presided over petitioner's trial (in

February 1996) and sentencing (on March 11, 1996).  Judge

Turner signed the final judgment on June 12, 1996.  (Exhibit

101).

Petitioner argues that Judge Turner's term expired on

April 22, 1996. Petitioner relies on the Order of Approval

dated April 22, 1993 (petitioner's motion for summary

judgment, Exhibit 2).  However, that order was superseded by

an Order of Approval dated February 7, 2004 that extended Judge Turner's term until February 7, 1997.  (Exhibit 129).

Even if the Order of Approval had not extended past April 22, 1996, petitioner's argument would still fail because the only action Judge Turner took after that date was to sign the final judgment, and that action was authorized by statute even without an additional appointment.  See, ORS 1.655(1).

Petitioner also argues that the oath of office Judge Turner signed was invalid.  Under ORS 1.212(3), a pro tempore judge does not have to sign an oath of office.  Moreover, petitioner's own exhibit establishes that Judge Turner did so. See, Petitioner's Reply (#30), Exhibit 2.

The record before the court conclusively establishes that Judge Turner was fully authorized to sign the judgment. Moreover, in order to prevail on a federal habeas corpus claim, petitioner must establish a federal violation.  Thus, even if a state law issue might be raised by petitioner's claim concerning Judge Turner's authority to sign the judgment,  no federal constitutional issues have been raised by petitioner's argument.

Based on all of the foregoing, Petitioner's Petition (#2) is denied on the ground that it is barred by the statute of

limitations.  Petitioner's Motion for Summary Judgment (#18)

is denied.  All other pending motions are denied as moot.


     IT IS SO ORDERED

     DATED this 20  day of August, 2005.

                           /s/ Ann Aiken
                       Ann Aiken
                       United States District Judge